UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADAM B. WALZ,<br><br>　　　　　Defendant. | Case No. 4:14-cr-00176-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

On May 25, 2016, Defendant ADAM B. WALZ appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 24). The Defendant executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Court has considered the motion for continued released filed by Defendant before the plea hearing (Dkt. 25); the Government, after acknowledging the mandatory detention provision in Section 3143(a)(2) for the offense to which Defendant changed his plea, deferred to the Court's determination as to whether exception reasons were shown in this case. The Government also noted that it was unaware of any violations of pretrial supervision by Defendant during the pendency of this matter.

This case has a somewhat unique procedural history. After Defendant was indicted by the grand jury on or about August 26, 2014, for offense conduct occurring in December of 2013, but before Defendant was arraigned on the Indictment (Dkt. 1), the State of Idaho charged the Defendant with a similar, but unrelated, offense. Defendant was released pending the disposition of the state prosecution. In January of 2015, when Defendant appeared for his initial arraignment with this Court, the Government withdrew its motion for detention and the Court released Defendant subject to Conditions of Pretrial Supervision. (Dkt. 19.)

REPORT AND RECOMMENDATION - 2

Defendant later pled guilty to the state charge and a sentence was imposed on March 15, 2015. The state court imposed a unified sentence of two years determinate and three years indeterminate, retaining jurisdiction for approximately ten (10) months. During the retained jurisdiction period, the Defendant was in the custody of the Idaho Department of Correction, gaining release on January 15, 2016. Upon completion of Defendant's retained jurisdiction (i.e., rider program), the state sentencing court granted probation to the Defendant.[1]

While on probation (with the state) and pretrial release (with this Court), the Defendant has maintained gainful employment, he continues to participate in substance abuse counseling, and he has not had any positive drug tests. He also participates in community aftercare programs as an extension of his retained jurisdiction programming. Defendant has been compliant with the Conditions of Release. Due to his compliance, on April 20, 2016, the Court modified the Conditions of Release to remove the home detention and location monitoring conditions.

Defendant's appearance for the change of plea hearing on May 25, 2016, was pursuant to a summons and on his own personal recognizance (and transportation expenses). Upon consideration of the showing above, the undersigned finds the collective circumstances constitute exceptional reasons why detention (and specifically disruption of Defendant's participation in drug treatment programs) would not be appropriate; accordingly, continued release subject to the conditions previously imposed by this Court

---

[1] The state court had the choice to either allow probation to begin or to impose the original sentence.

REPORT AND RECOMMENDATION - 3

(which include all conditions of his state probation as well) will be recommended.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Adam Walz's plea of guilty to Count One of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant Adam Walz's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 24); and

3) The District Court continue Defendant's release subject to the Order and Modified Order setting Conditions of Release (Dkt. 10, 23).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 26, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4